UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CASTLEWOOD NB, LLC A TEXAS LLC | § | |
| D/B/A GRUENEWOOD VILLA | § | |
| APARTMENTS AND JOEL NEWMAN, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 5:17-cv-01159 |
| v. | § | |
| | § | |
| PELEUS INSURANCE COMPANY AND | § | |
| STEPHEN KLINK II, | § | |
| | § | |
|     Defendants. | § | |

## DEFENDANT PELEUS INSURANCE COMPANY'S
## NOTICE OF REMOVAL

    Defendant Peleus Insurance Company ("Peleus") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## SfiUMMARY OF NOTICE

    1.    This lawsuit arises out of Plaintiff Castlewood NB, LLC's claim for coverage under a commercial property insurance policy issued by Peleus for storm damage purportedly sustained by a commercial property during a weather event allegedly occurring on October 30, 2015. By way of their petition, Plaintiffs – both of whom are Texas citizens – assert several common law and statutory causes of action against Peleus – a foreign insurance company organized under the laws of Virginia, with its principal place of business in Virginia.

    2.    In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiffs' petition also asserts causes of action against an in-state independent insurance adjuster – Stephen Klink II ("Klink") – for purported violations of the Texas Insurance Code. But, as set forth below, Klink has been improperly joined as defendant in this lawsuit, because the vague and conclusory

allegations in Plaintiffs' petition fail to establish a viable basis for recovery against Klink. Accordingly, this Court may disregard Klink's citizenship in determining its jurisdiction over this matter under 28 U.S.C. § 1332(a).

3.      Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiffs and Peleus (the only properly joined defendant in this lawsuit), removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## FACTUAL BACKGROUND

4.      Plaintiffs commenced this lawsuit on August 31, 2017 by filing Plaintiffs' Original Petition ("Petition") in the 433rd Judicial District Court of Comal County, Texas – Cause No. DC-C2017-1529D.

5.      Peleus was served with Plaintiffs' Petition on October 12, 2017 and, therefore, files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).

6.      Because Peleus contends Klink was improperly joined as a defendant in this action, Klink need not consent to removal.[1] However, to the extent necessary, Klink consents to removal as the undersigned counsel represents Klink in this lawsuit.

## III.
## BASIS FOR REMOVAL

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs

---

[1]      *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

and attorneys' fees. These two conditions are satisfied in this matter.

**A.**   **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Peleus.**

9.      Plaintiff Castlewood NB, LLC is a Texas limited liability company with its principal place of business in Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Castlewood NB, LLC's only reported member/manager is Joel Newman – an individual domiciled in the State of Texas. Plaintiff Castlewood NB, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

10.     Plaintiff Joel Newman is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes.

11.     Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

12.     Defendant Klink is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Klink's citizenship, because Plaintiffs have improperly joined Klink as a defendant in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiffs will be able to establish a cause of action against Klink in this matter.

13.     Because Plaintiffs are citizens of Texas and Peleus (the only properly joined defendant in this action) is a citizen of Virginia, complete diversity of citizenship exists now and on the date Plaintiffs filed this lawsuit.

---

[2]    *See Carden,* 494 U.S. at 195-96.

*(1)*     ***Plaintiffs Improperly Joined Klink as a Defendant to Defeat This Court's Diversity Jurisdiction.***

14.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3]   Under the second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[4]

15.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[5] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[6] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly* [, 550 U.S. 544, 547 (2007)]."[7]

16.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[8] "Factual allegations must be

---

[3]     *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)) (emphasis in original).

[4]     *Id.* (quoting *Smallwood,* 385 F.3d at 573).

[5]     *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[6]     *Id.*

[7]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

[8]     *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

enough to raise a right to relief above the speculative level."[9] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[10] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[11] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[12] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[13]

> ### (a)   *The sparse and conclusory allegations in Plaintiffs' Petition fail to establish a reasonable possibility of recovery against Klink under Texas law.*

13.    Under this standard, it is clear Plaintiffs' Petition fails to establish a reasonable possibility of recovery against Klink. Indeed, rather than alleging specific facts against Klink which (if established) would lead to individual liability, Plaintiffs have articulated only non-specific and conclusory allegations against Klink, together with near-verbatim quotations of statutory provisions that Plaintiffs contend Klink violated.[14] At bottom, Plaintiffs' Petition alleges nothing more than Klink violated the Texas Insurance Code. These "naked assertions devoid of

---

[9]    *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[10]    *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[11]    *Ashcroft,* 556 U.S. at 678 (2009).

[12]    *See Twombly,* 550 U.S. at 565.

[13]    *See id.*

[14]    *See* Plaintiffs' Petition at 4, 8-9.

further factual enhancement" fall fatally short of stablishing a viable cause of action against Klink under Texas law.[15]

        **(b)**     **_Klink cannot be held liable under Section 541.060 of the Texas Insurance Code under the facts alleged in Plaintiffs' Petition._**

17.    In addition to being hopelessly vague, Plaintiffs' allegations against Klink fail for yet another reason: Federal courts applying Texas law have repeatedly held that independent insurance adjusters – like Klink – cannot be held liable on the claims asserted in Plaintiffs' Petition. Plaintiffs' Petition alleges, for example, that Klink committed the following violations of Section 541 of the Texas Insurance Code:

- Section 541.060(a)(1) – misrepresenting material facts relating to the coverage at issue;

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) – failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) – failing to affirm or deny coverage in a reasonable time;

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[16]

---

[15] *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999); *Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co*., 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

[16] *See* Plaintiffs' Petition at 8-9.

---

However, federal courts applying Texas law have found each of these allegations insufficient to support an independent cause of action against an independent insurance claims adjuster, like Klink.

18.     Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[17] "But for [such an individual] to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[18] .

19.     Consistent with this well-settled principle, federal courts have held that adjusters – like Klink – cannot he held liable under Section 541.060(a)(1) of the Texas Insurance Code where the alleged misrepresentations made the basis of the insured's claim involve the cause or scope of damage to the plaintiff's property, not the details of the insurance policy at issue.[19] To state a claim under Section 541.060(a)(1), "[t]he misrepresentations must be about the details of

---

[17]   *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[18]   *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[19]   *See, e.g., Messersmith*, 10 F. Supp. 3d at 724 (holding that adjuster's post-loss representations regarding the nature and extent of storm damage to the insured's roof failed to support the insured's claim under section 541.060(a)(1), because those alleged statements did not relate to the coverage at issue); *Mainali Corp. v. Covington Specialty Ins. Co.,* No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (insured failed to state a claim against adjuster under section 541.060(a)(1) where petition alleged the adjuster "failed to conduct a reasonable investigation, substantially underestimated the damage to the Property, and denied obvious covered damage to the Property," but "d[id] not allege [the adjuster] made misrepresentations about the details of the Policy"); *One Way Investments v. Century Ins. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (insured's allegations that adjuster misrepresented the extent of the storm damage to the insured's property and misstated that such damage was caused by factors not covered under the policy failed to state a claim under section 541.060(a)(1), because "those statements d[id] not relate to the 'coverage at issue'") (quoting *Messersmith*, 10 F. Supp. 3d at 724); *accord Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *9 (E.D. Tex. June 30, 2015) (holding that insured's allegations against adjuster, "all of which relate[d] to his inspection and determination regarding the extent of hail and wind damage, [we]re not actionable under the Texas Insurance Code because they d[id] not relate to misrepresentations about coverage provided by the terms of the policy").

---

the policy, not the facts giving rise to a claim for coverage."[20] And here, Plaintiffs do not allege that Klink made any representations about policy details. Instead, Plaintiffs' allegations concern the facts that give rise to Plaintiffs' claim under the Peleus policy – *i.e.,* the existence, cause, and extent of alleged storm damage to the property at issue.[21]

20.      Plaintiffs fare no better with their contention that Klink violated Section 541.060(a)(2)(A) of the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which  . . . liability [was] reasonably clear"[22] – a statutory provision under which federal courts applying Texas law have concluded insurance claims adjusters (like Klink) cannot be held liable.[23] Plaintiffs' Petition thus fails to state a claim against Klink for purported violations of Section 541.060(a)(2)(A).

21.      Plaintiffs also miss the mark with their allegation that that Klink violated Section 541.060(a)(3) of the Texas Insurance Code by "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial if Plaintiff's [sic] claim."[24] As federal courts applying Texas law have explained, "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a

---

[20]   *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).

[21]   *See* Plaintiffs' Petition at 4 (alleging that "Defendants misrepresented to Plaintiff [sic] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence").

[22]   *See* Plaintiffs' Petition at 8.

[23]   *See Messersmith*, 10 F.Supp.3d at 724; *Meritt Buffalo Events Ctr.*, 2016 WL 931217 at *4; *Mainali Corp.*, 2015 WL 5098047 at *4; *Mercury Multifamily Mgmt., LLC v. Peleus Ins. Co.*, No. 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (Fitzwater, J.).

[24]   TEX. INS. CODE § 541.060(a)(3).

---

claim."[25] Plaintiffs thus have no reasonable basis for recovery against Klink under Section 541.060(a)(3).

22.    Plaintiffs further claim that Klink violated Section 541.060(a)(4) of the Texas Insurance Code by "failing within a reasonable time to affirm or deny coverage [of the claim] within a reasonable time."[26] However, as several federal courts have noted, an adjuster cannot be held liable under this section because an adjuster lacks authority to affirm or deny coverage of a claim to a policyholder.[27] Plaintiffs are thus precluded from prevailing on their causes of against Klink under Section 541.060(a)(4).

23.    Plaintiffs are also prohibited from recovering against Klink under Texas Insurance Code § 541.060(a)(7), which provides for potential liability against an insurer who "refus[es] to pay a claim without conducting a reasonable investigation with respect to that claim." [28] As the federal courts applying Texas law have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[29]

Plaintiffs' Petition thus falls short of establishing a possibility of recovery against Klink under Section 541.060(a)(7) of the Texas Insurance Code.

---

[25]  *Mainali Corp.*, 2015 WL 5098047, at *4 (holding that insured could not recover against adjuster under section 541.060(a)(3) of the Texas Insurance Code); *see also Meritt*, 2016 WL 931217, at *4 (same).

[26]  *See* Plaintiffs' Petition at 9.

[27]  *See, e.g., One Way Investments*, at *5, 2014 WL 6991277.

[28]  TEX. INS. CODE § 541.060(a)(7).

[29]  *Mainali Corp.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted); *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289 at *3 (same); *Meritt Buffalo Events Ctr.*, 2016 WL 931217 at *4 (same).

---

> **(b)**     ***Klink cannot be held liable for alleged violations of Chapter 542 of the Texas Insurance Code.***

24.     Plaintiffs also miss the mark with their suggestion that Klink can be held liable for alleged violations of Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiffs' Petition makes generic reference to Klink's purported liability under Section 542.003(5);[30] however, as federal courts applying Texas law have aptly noted, "the Prompt Payment of Claims Act applies only to insurers"[31] – not individual insurance claims adjusters, like Klink.  As a result, Plaintiffs' Petition has not established (and cannot establish) a reasonable probability of recovery from Klink under any section of Chapter 542 for the Texas Insurance Code.[32]

---

[30]   *See* Plaintiffs' Petition at 8 (alleging unspecified violation(s) of Section 542.003(b)(5) of the Texas Insurance Code).

[31]   *Messersmith*, 10 F. Supp. 3d at 723; *see also Mainali Corp.*, 2015 WL 5098047, at *6.

[32]   Even if Plaintiffs' allegations were sufficient to establish a viable claim against Klink under Texas law, which they are not, removal of this action is nevertheless proper because Plaintiffs' petition misstates and/or omits discrete facts regarding Klink's role in the evaluation and disposition of Plaintiffs' insurance claim. For example, Klink did not render any coverage decision with respect to the claim at issue, nor did he make any coverage recommendation to Peleus (or any other person or entity) regarding the claim. Indeed, as Plaintiffs were directly advised, Klink had no responsibility for determining any coverage issues and lacked authority to make any payment decisions on the claim. Moreover, despite Plaintiffs' direct allegation to the contrary, Klink never prepared a repair estimate in connection with the claim, thus negating the stated basis for Plaintiffs' contention that Klink failed to conduct a reasonable investigation of the claim. And, while Plaintiffs' Petition makes reference to a purported "claim determination letter dated February 5, 2016," Peleus (acting by and through parties other than Klink) did not issue its coverage determination letter until March 22, 2016 – after receiving the comprehensive property inspection report prepared by an independently retained third-party engineer. Accordingly, in the event this Court determines the allegations in Plaintiffs' Petition state a viable claim against Klink under Texas law, which it should not, Peleus respectfully requests that the Court exercise its discretion to pierce the pleadings and conduct a summary inquiry of Plaintiffs' allegations against Klink. *See Smallwood,* 385 F.3d at 573 (addressing district court's discretion to pierce pleadings and conduct summary inquiry of facts relating to improper joinder).

---

**B.**     **Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

25.     If it is facially apparent that Plaintiffs' claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[33]

26.     Here, Plaintiffs' Petition states that Plaintiffs seek to recover damages in excess of $100,000 in this lawsuit.[34] It is thus facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

## IV.
## CONCLUSION

27.     Pursuant to 28 U.S.C. Section 1446(a) and Local Rule 9027, a copy of each of the following are attached to (or filed with) this Notice of Removal:

a.     the docket sheet in the state court action; and

b.     each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date).

14.     Peleus will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 433rd Judicial District Court of Comal County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

------

[33]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[34]     Plaintiffs' Petition at 14.

Respectfully submitted,

**ZELLE LLP**

By: _/s/ James W. Holbrook, III_____

    Steven J. Badger
    Texas Bar No. 01499050
    sbadger@zelle.com
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Walter W. Cardwell, IV
    Texas Bar No. 24094419
    wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served this 13th day of November, 2017, in accordance with the Federal Rules of Civil Procedure as follows:

Robert A. Pollom
robert@krwlawyers.com
Jake Rogiers
jake@krwlawyers.com
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:  210-490-7402
Facsimile:  210-490-8372
***Counsel for Plaintiffs***

    _/s/ James W. Holbrook, III_____
    James W. Holbrook, III